IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ERIC WILSON, | : |
| Plaintiff, | : |
| | : |
| v. | : CIVL ACTION NO. 19-CV-5015 |
| | : |
| SUPERINTENDENT JOHN DOE | : |
| GEORGE W. HILL CORRECTIONAL | : |
| FACILITY - DELAWARE CO., *et al.* | : |
| Defendants. | : |

## MEMORANDUM

Plaintiff Eric Wilson brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against numerous individuals.[1] Wilson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

### I. FACTUAL ALLEGATIONS

According to the Complaint, Wilson was a passenger in a vehicle being driven by his sibling, Qawi Wilson, on October 25, 2017.[2] Wilson avers that his sibling "began traveling at high rates of speed as the police gave chase" and a "tacticle pit-maneuver" was used by the police (State Trooper McIlvaine) to stop the fleeing vehicle. Wilson was thrown from the passenger seat into the passenger door of the vehicle and instantly incurred injuries to his right shoulder, neck, and back. Wilson was taken to Taylor Hospital and despite his notifying the police and hospital personnel of his injuries, no imaging studies (MRI or CAT scan) were conducted.

---

[1] When Wilson filed this matter, he was confined at the George W. Hill Correctional Facility awaiting trial. Currently, Wilson is incarcerated at SCI-Phoenix, having been convicted of certain offenses, including a conspiracy drug offense, on August 27, 2019. *See Commonwealth v. Wilson*, No. CP-23-CR-0004046-2018 (C.P. Del. Cty.).

[2] The Court adopts the pagination assigned by the CM/ECF docketing system.

Following his transfer to Delaware County prison, Wilson contends that he was in serious need of medical attention and was forced to file a grievance in order to receive medical care. Wilson avers a delay in medical attention, stating that he was examined and x-rayed on November 4, 2017, and prescribed medication on November 6, 2017. Wilson contends that the injuries he sustained "are severe in nature and he continues to suffer from such injuries."

In his Complaint, Wilson avers as follows:

> Each of the Defendants, contained herein and enumerated within said complaint, has exercised a Deliberate Indifference to [his] safety/health and or mental health, instilled such callous disregard to and/or for the value of human life. Each of the Police Officers, State Troopers, Taylor Hospital Personnel, Delaware County Prison Personnel, have violated Policy/Protocol/procedure/Code of Ethics and/or Laws of the Commonwealth, in that they have engaged in unethical, impermissible, prejudicial conduct/misconduct in violation of [his] 8th and 14th Amendment Constitutional Rights of the United States Constitution. The Insurance Company(s) – John Doe are liable for [his] injuries adjacent to the Insurance Policy (Holders).

Wilson asserts claims for inadequate medical care against "Delaware County Prison Medical and Taylor Hospital Personnel" and asserts claims based on a supervisory liability theory against "Superintendent John Doe of Delaware County Prison . . . Secretary for the Department of Corrections for Delaware County . . .[and] Mayor Thadeus Kirkland, employer of personnel/public servants and or officers of the City of Chester." Wilson asserts violations of the Eight and Fourteenth Amendments against "[e]ach of the Defendant Police Officers and State Troopers" for "deliberate indifference to [his] health/safety to where they have breached their duty to protect as the defendants engaged in a high speed chase of [his] sibling." Wilson seeks money damages.

## II. STANDARD OF REVIEW

The Court will grant Wilson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Wilson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Wilson, however, has not alleged sufficient facts explaining what any of the individually named Defendants did or did not do to violate his rights.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that the personal involvement of each defendant in the alleged constitutional violation is a required element and a plaintiff must allege how each defendant was involved in the events and

---

[3] However, as Wilson is a prisoner, he will be obligated to pay the filing fee in installments pursuant to § 1915(b).

3

occurrences giving rise to the claims). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

### A. Claims Against Supervisors

To the extent Wilson seeks to assert claims based on a supervisory liability theory against Defendants Superintendent John Doe and Mayor Kirkland, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Because Wilson does not explicitly allege how each defendant was involved in the alleged deprivation of his rights, his Complaint must be dismissed. Because Wilson does not explicitly allege the basis for a supervisory liability claim against Superintendent John Doe and Mayor Kirkland, these claims are not plausible and will be dismissed.

### B. Claims Against Non-State Actors

The federal constitutional claims against Defendants John Doe at Insurance Co., John Doe and/or Jane Doe at the Taylor Hospital Medical Department, and Qawi Wilson must be dismissed with prejudice pursuant to § 1915(e)(2)(B) because § 1983 claims against these non-

state actors are not plausible. Section 1983 requires that an individual acting under color of state law engaged in the conduct allegedly violative of the Constitution. 42 U.S.C. § 1983. The allegations in the Complaint are clear that John Doe at Insurance Co., John Doe and/or Jane Doe at the Taylor Hospital Medical Department, and Qawi Wilson are private citizens, not state actors. Whether a defendant is acting under color of state law—*i.e.,* whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). There is no basis alleged in Wilson's Complaint to determine that these Defendants are state actors. Accordingly, the federal constitutional claims asserted against them must be dismissed with prejudice.

Because the Court has dismissed Wilson's federal claims against these Defendants, the Court will not exercise supplemental jurisdiction over any state law claims against them. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

5

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Because there is no complete diversity among the parties to this suit, Wilson's state law claims against Defendants John Doe at Insurance Co., John Doe and/or Jane Doe at the Taylor Hospital Medical Department, and Qawi Wilson will be dismissed without prejudice.

## C.  Defects Applicable to All Claims/Defendants

Other than his allegations about Qawi Wilson, Superintendent John Doe and Mayor Kirkland, the Complaint explicitly refers to only one other Defendant in the text of the Complaint.[4] Wilson asserts that "State Trooper McIlvaine" utilized a "tacticle pit-maneuver" to stop the vehicle. There are no specific factual allegations in the Complaint as to the remaining named Defendants.

Rather, Wilson's Complaint consists entirely of conclusory allegations that his constitutional rights were violated in connection with the events that occurred from October 25, 2017 through November 1, 2017. In short, Wilson's Complaint does not include any allegations as to any conduct engaged in by any of the named Defendants that allegedly violated his Constitutional rights. His Complaint, therefore, must be dismissed. Because this Court cannot

---

[4] Though Wilson names other individuals as Defendants in the caption to his Complaint (Officers Cobbold, Duncan, Jackson, Ticknor and Clemons), these individuals are not mentioned in the text of the Complaint and it is unclear what, if any role, they played in the alleged violation of Wilson's constitutional rights.

6

state with certainty that Wilson will be unable to state a viable claim, he will be granted leave to amend his Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Wilson leave to proceed *in forma pauperis*, dismiss his Complaint in part with prejudice and in part without prejudice and grant him leave to amend. An appropriate Order follows.

December 16, 2019

BY THE COURT:

_____
WENDY BEETLESTONE, J.